**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Norfolk Division**

**LUIS HERRERA QUISPE,**
**#240 280 505,**

**Petitioner,**

**v.** **CIVIL ACTION NO. 2:26-cv-697**

**JEFFREY CRAWFORD,**
***ICA-Farmville Detention Center*,**

**And**

**ROBERT GUADIAN,**
***ICE Washington Field Office*,**

**Respondents.**

## REPORT & RECOMMENDATION FOR DISMISSAL

The court received and conditionally filed a second[1] petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 submitted by pro se petitioner Luis Herrera Quispe ("Petitioner" or "Quispe"). (ECF No. 1). The petition appears to challenge Quispe's continued detention by the U.S. Immigration & Customs Enforcement (ICE) and seeks release from custody or in the alternative, a fair bond hearing.

[1] His first petition was filed in this court May 4, 2026. Quispe v. Unknown, No. 2:26-cv-432 (E.D. Va. May 4, 2026) (ECF No. 1). In that first petition, Respondent filed a Notice stating that the factual and legal issues presented in Quispe's petition did not differ in any material fashion from those presented in Ceba Cinta v. Noem, et al., No. 1:25-cv-1818 (E.D. Va. Oct. 29, 2025). By Order, entered June 4, 2026, the court granted the first petition and ordered that Quispe be provided a bond hearing in front of an Immigration Judge pursuant to 8 U.S.C. § 1226(a) within three days of the date of the court's Order. Quispe v. Unknown, No. 2:26-cv-432 (E.D. Va. June 4, 2026) (ECF No. 10). On June 10, 2026, Respondent notified the court that the Immigration Court held a bond hearing on June 5, 2026, at which time Quispe was denied bond after the Immigration Judge determined he was a flight risk and a danger to the community due to his criminal history. Quispe v. Unknown, No. 2:26-cv-432 (E.D. Va. June 10, 2026) (ECF No. 12). Thereafter, Quispe filed the instant Petition, which seeks, in part, the same relief requested (and granted) in his prior habeas action.

The matter was referred to the undersigned pursuant to the provisions of 28 U.S.C. §§ 636(b)(1)(B) and (C) and Rule 72(b) of the Federal Rules of Civil Procedure and Petitioner was ordered not to be removed or transferred from this district for any reason without the court's permission. (ECF No. 3). Thereafter, Petitioner submitted seven-character letters to support his petition. (ECF No. 4).

By Order entered July 22, 2026, the court directed Petitioner to show cause why this matter should not be dismissed as moot given that, pursuant to the Notice submitted by Respondents after the court's Order in the prior petition, Petitioner has already received a discretionary bond hearing. (ECF No. 5). The Order advised Petitioner that failure to respond could result in the matter being submitted to the presiding district judge with a recommendation that it be dismissed as moot. The court received no response to the Order to Show Cause and the time for filing a response has now expired.[2] The Order to Show Cause was not returned to the court as undeliverable, nor has Petitioner advised the court of any change of address, relocation, deportation, or release from custody.

When a petitioner has already received a discretionary bond hearing, renewed petitions requesting the same relief—another bond hearing—are typically rendered moot. See Hossain v. Lyons, No. 1:25-cv-1841 (E.D. Va. Nov. 20, 2025) (ECF No. 21) (finding that an Immigration Judge's prior denial of bond rendered the petitioner's § 2241 petition moot because the petitioner "has already received the only relief he can obtain from this Court: a bond hearing before an Immigration Judge"); Pabon v. Crawford, No. 3:26-cv-230, 2026 WL 1494463, at *3 (E.D. Va. May 28, 2026) ("[B]ecause Petitioner has already received a bond hearing, the Court need not determine whether he is being held pursuant to 8 U.S.C. § 1225(b) or § 1226(a)."); Sidelemine v.

[2] Although the court did not receive response to the Order to Show Cause, it did receive a second identical set of character letters submitted by Petitioner. (ECF No. 6).

Crawford, No 3:26-cv-281, 2026 WL 1195850, at *2 (E.D. Va. May 1, 2026) (finding a § 2241 petition moot because the petitioner already received a discretionary bond hearing, at which the Immigration Judge denied bond).

Because Quispe had a bond hearing before the Immigration Court on June 5, 2026, he has already received the relief sought by the Petition, and the undersigned recommends that his petition be DISMISSED AS MOOT, and that the portion of the Order entered July 10, 2026, (ECF No. 3), directing that Quispe is not to be removed from this district without the court's permission, be VACATED.

By copy of this report and recommendation, the Petitioner is notified that pursuant to 28 U.S.C. § 636(b)(1)(C):

1. Any party may serve upon the other party and file with the Clerk written objections to the foregoing findings and recommendations within fourteen (14) days from the date this report is forwarded to the objecting party by Notice of Electronic Filing or mail, see 28 U.S.C. § 636(b)(1), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure. Rule 6(d) of the Federal Rules of Civil Procedure permits an extra three (3) days, if service occurs by mail. A party may respond to any other party's objections within fourteen (14) days after being served with a copy thereof. See Fed. R. Civ. P. 72(b)(2) (also computed pursuant to Rule 6(a) and (d) of the Federal Rules of Civil Procedure).

2. A district judge shall make a de novo determination of those portions of this report or specified findings or recommendations to which objection is made.

Petitioner is further notified that failure to file timely objections to the findings and recommendations set forth above will result in a waiver of appeal from a judgment of this court

based on such findings and recommendations. Thomas v. Arn, 474 U.S. 140 (1985); Carr v. Hutto, 737 F.2d 433 (4th Cir. 1984); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk is DIRECTED to mail a copy of this Report and Recommendation to the Petitioner at address on file with the court.

/s/
Douglas E. Miller
United States Magistrate Judge

DOUGLAS E. MILLER
UNITED STATES MAGISTRATE JUDGE

Newport News, Virginia

September 1, 2026

**Clerk's Mailing Certificate**

A copy of the foregoing was mailed this date to the Petitioner at the addresses listed below:

**Luis Herrera Quispe**
**240 280 505**
**ICA-Farmville Detention Center**
**P.O. Box N**
**Farmville, VA 23901**

Laura G. Griffin, Clerk

By____________________________
Deputy Clerk

________________________, 2026